## WM. BOLIN v. JAS. STEWART.

ACTIONS. *Abatement of. Malicious prosecution.* At common law an action for malicious prosecution is abated by the death of the defendant, and sec. 2846 of the Code does not except from the operation of the common law rule.

Code cited: Secs. 2846, 3209, 3196, *a, b, c.*

### FROM GIBSON.

Appeal from the Law Court. G. B. BLACK, Judge.

Bolin *v.* Stewart.

JONES & CARTHEL for complainant.

WILLIAMS for defendant.

DEADERICK, J., delivered the opinion of the court.

This action is for malicious prosecution brought by the plaintiff against the defendant in the Law Court of Humboldt.

Verdict and judgment were in favor of the defendant, and the plaintiff has appealed to this court.

The death of defendant Stewart has been suggested and admitted, and his counsel have entered a motion to abate the suit because at common law such a suit cannot be revived, but abates by the death of either party, and that sec. 2846 of the Code does not except it from the operation of the common law rule. That section provides that no civil actions commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived.

Libel and slander unquestionably fall within the definition of the excepted cases in the statutes. The actions in such cases are brought directly and solely to recover damages for defamation of character.

But the statute does not specify these cases or others as falling within the exceptions provided for. The language is "wrongs affecting the character," and the question is, does the wrong complained of by plaintiff affect his character. The declaration charges that defendant maliciously procured his arrest, indictment, and

trial in the Circuit Court of Gibson county, upon a charge of robbery.

Upon the trial of this case, if the plaintiff had made good his charges, he would have been entitled to recover damages from defendant "for the peril occasioned him in regard to his life or liberty, for the injury of his reputation, his feelings, and his person, and for all the expenses to which he has been necessarily subjected." 2 Gr. Ev., sec. 456. Being entitled to recover damages "for injury to his reputation," his reputation or character, in contemplation of law, was affected by the wrongs complained of in the declaration, and the action or suit abated by the death of defendant.

The judgment will therefore be that the suit abate, and judgment will be rendered for the costs of this court and the court below against plaintiff and his sureties upon his respective bonds for the prosecution below and for his appeal to this court. Code, secs. 3209, 3196, *a, b, c.*