## WEEKS *v.* MAYS.

### (*Nashville.* February 28, 1889.)

ACTIONS. *Abatement and revivor. Breach of marriage contract.*

Action for breach of marriage contract abates upon defendant's death, and cannot be revived against his personal representative or heirs.

Code construed : § 3560 (M. & V.) ; § 2846 (T. & S.).

Cases cited and approved : 1 Pickering, 71 ; 4 Cush., 408.

---

#### FROM WAYNE.

---

Appeal in error from Circuit Court of Wayne County. E. D. PATTERSON, J.

R. A. HAGGARD and PITTS, HAYS & MEEKS for Weeks.

BATEMAN & BROYLES for Mays.

TURNEY, Ch. J. On November 12, 1886, the plaintiff sued Stewart Mays for "a breach of contract of marriage and seduction."

After service of process, and before the appearance term, the defendant died. *Sci. fa.* was issued against his administrator and heirs, who appeared and moved to abate, and plaintiff, after dismissing as to the seduction, moved to revive.

The suit was abated, and plaintiff appealed.

It is insisted the suit should have been revived under Section 3560 (M. & V.) Code, providing: "No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived."

"The defenses which may be urged against an action to enforce a promise to marry are very numerous, amongst them the bad character of the plaintiff, or his or her lascivious conduct. The cases generally exhibit this defense when the woman is plaintiff," etc.

If the defense be general bad character, evidence of reputation is receivable, "for," says Lord Kenyon, "character is the only point in issue."

"Public opinion, founded on the conduct of the party, is a fair subject of inquiry." 2 Parsons on Contracts, 5 Ed., 65.

The plaintiff, by her suit, necessarily tenders an issue as to her character. By her action she declares herself suitable for a wife, and the mother of a family, and invites the defendant to controvert her assumption.

Upon her character and conduct depend her chances of recovery. After the proof of the contract the first step of the plaintiff is ordinarily to undertake to establish a good name for virtue.

The first inquiry of the attorney on application to him to institute suit is, Can her character or conduct be sustained? Can they be assailed?

Weeks *v.* Mays.

The suit, then, must be one "affecting the character of the plaintiff," and is within the exception of the statute.

Aside from the statute, the rule is, "The promise is so far of a personal character that the breach of it gives no action to the personal representative of the party injured, unless, perhaps, special damage to the estate of the decedent is alleged and proved. Nor does it survive against the administrator of the promissor." 2 Parsons on Contracts, 70; 1 Pickering, 71; 4 Cushing, 408.

Affirm the judgment.