HULLETT *v.* BAKER.

(*Nashville.* February 1, 1899.)

1. BREACH OF PROMISE. *Action for, abates, when.*

The defendant's death abates an action for breach of promise to marry. (*Post, pp. 692, 693.*)

Code construed: § 4569 (S.); § 3560 (M. & V.); 2846 (T. & S.).

Case cited and approved: Weeks *v.* Mays, 87 Tenn., 442.

2. SAME. *Action for, abates after reversal, when.*

Defendant's death, pending his appeal from an adverse judgment, operates to abate an action for breach of promise to marry when the judgment is subsequently reversed and the cause remanded. Upon reversal of the judgment, the action again becomes one for tort, and abatable. (*Post, pp. 691, 692.*)

Cases cited and approved: Akers *v.* Akers, 16 Lea, 7–12; Kimbrough *v.* Mitchell, 1 Head, 541; Baker *v.* Dunsbee, 7 Heis., 231.

3. PLEADING AND PRACTICE. *Remanding for new trial.*

An order remanding a cause for a new trial means the same thing as remanding it for further proceedings. It is not an adjudication that there shall be another trial on the merits, and does not preclude any proceedings by plea in abatement or otherwise, which may be lawfully interposed. (*Post, p. 691.*)

4. SAME. *Motion to strike out replication.*

A motion to strike out a replication, made on behalf of the executor and by his attorneys, and so treated and acted on by the Court, will be sustained in this Court, although the record,

17 P—44

Hullett *v.* Baker.

by inadvertence, recites that the motion was made by the heirs, who were not parties to the cause. (*Post, p. 691.*)

FROM SUMNER.

Appeal in error from Circuit Court of Sumner County. A. H. MUNFORD, J.

B. D. BELL and W. C. DISMUKES for Baker.

J. J. TURNER, T. C. MULLIGAN, and S. F. WILSON for Hullett.

WILKES, J. This is an action for breach of marriage contract. There was a judgment against the defendant for $1,500. He appealed to this Court, and after the appeal, while the cause was pending in this Court, he died. At a former term the suit was revived against his executor, and heard upon its merits, and the judgment reversed and cause remanded. The order remanding recites that it is for the purpose of a new trial. In the Court below, after the cause was remanded, the defendant, as executor, pleaded in abatement the death of the defendant. There was a replication admitting the death and other facts stated in the plea, but insisting that the suit did not abate. The trial Judge sustained the plea in abatement and dismissed the suit, and plaintiff has appealed and assigned errors.

It appears from the record that the plea in abatement was filed on behalf of the executor and heirs, and was sworn to by an attorney styling himself as attorney for both. As before stated, there was a replication to this plea, insisting that the question of revivor had already been adjudged by this Court, and the suit revived and remanded for a new trial. There was a motion to strike this replication from the files, which was granted. The record recites that this motion was made on behalf of the heirs, by attorney, and the error assigned is that the heirs were not parties, not interested, and could not make such motion. We think this is a mere clerical error or inadvertence in entering the motion. It was made by the attorney who was representing the executors, and was evidently on their behalf, and was so treated and acted on by the Court.

It is further insisted that the plea was not sufficient, and that the suit could not be abated, but had been revived in this Court and remanded to the Court below for a new trial. The entry remanding for a new trial means the same as remanding for such further proceedings as the parties might be entitled to, and did not necessarily mean a retrial on the merits only, nor did this Court adjudicate, or intend to do so, that the suit might not in the Court below be abated.

We are of opinion there is no error in the proceedings. It has been held that a recovery of a judgment for a tort merges the tort into the judg-

ment, and thus it becomes a debt. If an appeal in the nature of a writ of error is taken to this Court the judgment of the Court below is suspended, but not vacated during the appeal. A revivor may, therefore, be had in this Court against the personal representative of the deceased defendant in such case, in order to test the correctness of. the judgment. If the judgment is reversed the result is to vacate and set aside the judgment below, and the cause of action is restored to its original character, and the death of the wrongdoer may then be pleaded in abatement, the judgment having been vacated and being no longer in existence. The action then becomes one upon the original demand, and is subject to abatement as though no judgment had ever been rendered upon it. *Akers* v. *Akers*, 16 Lea, 7–12; *Kimbrough* v. *Mitchell*, 1 Head, 541; *Baker, Admr.*, v. *Dansbee*, 7 Heis., 231.

The only question remaining is whether this is such an action as under the statute abates by the death of the defendant. This had been held in the affirmative in the case of *Weeks* v. *Mays*, 3 Pickle, 442, on the ground that it is an action which necessarily involves and affects the character of the plaintiff, and is therefore within the excepting clause of the statute (Shannon, § 4569), which provides that "no civil action commenced, whether founded on wrongs or contracts, except for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived." This being a wrong

Hullett *v.* Baker.

which, under the case referred to, necessarily affects the character of the plaintiff, it abates by the death of the defendant.

This is conclusive, and the judgment of the Court below is affirmed with costs.