## T. J. JUSTICE *v.* JEFF D. CLINARD.

### (*Nashville.* December Term, 1919.)

ABATEMENT AND REVIVAL. Husband's action for alienation, involves character and abates on his death.

A husband's action for alienation of his wife's affections involves the husband's character, evidence on that issue being competent, so that, under Shannon's Code, section 4569, the action abates on his death.

Cases cited and approved: Reed v. Williams, 37 Tenn., 581; Bolin v. Stewart, 66 Tenn., 299; Weeks v. Mays, 87 Tenn., 443; Hullett v. Baker, 101 Tenn., 689; Glass v. Bennett, 89 Tenn., 479; Morgan v. Ross, 74 Mo., 318; Mathus v. Mazet, 164 Pa. St., 580; Wyndham v. Wycombe, 4 Esp., 16; Bromley v. Wallace, 4 Esp., 237.

Cases cited and distinguished: Hartpense v. Rogers, 143 Mo., 623; Norton v. Warner, 9 Conn., 173; Mary J. Wolf v. Amelia Frank, 92 Md., 145; Smith v. Masten, 15 Wend. (N. Y.), 272; State v. Roderick, 14 L. R. A. (N. S.), 749.

---

FROM ROBERTSON.

---

Appeal from the Circuit Court of Robertson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— HON. W. L. COOK, Judge.

TRUE & DORSEY, for plaintiff.

JOHN E. GARNER and W. W. PEPPER, for defendant.

Mr. Justice McKinney delivered the opinion of the Court.

This suit was instituted to recover $10,000 damages for the alienation of the affections of plaintiff's wife by the defendant.

A plea of not guilty was filed by the defendant, but before the case was tried the plaintiff died.

A Justice was appointed and qualified as the administrator of the plaintiff, and moved the court that the said suit be revived in his name as administrator, which motion was disallowed; the court being of the opinion that the action abated on the death of the plaintiff.

On appeal the court of civil appeals affirmed the judgment of the circuit court, and the case has been brought to this court by petition for *certiorari*.

The declaration charges, in substance, that the defendant did wrongfully and wickedly seduce, debauch, and carnally know the wife of the plaintiff, thereby alienating and destroying her affection for the plaintiff, and that by reason thereof he had lost and been deprived of the comfort, fellowship, society, and assistance of his said wife in his domestic affairs, etc.

It is conceded that by the common law such an action would abate on the death of the plaintiff, but it is insisted by the administrator that under section 4569 of Shannon's Code the suit does not abate. Said provision of the Code is as follows:

"What actions survive. No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall

14—142 Tenn.

abate by the death of either party, but may be revived.''

The only question in the case is: Does an action of this nature affect the character of the plaintiff? If so, the action abates; otherwise it does not.

This exact question has not been decided by this court.

In *Reed* v. *Williams,* 5 Sneed, 581, 73 Am. Dec., 157, it was held in an action by the father for the seduction of his daughter that it could be shown that the plaintiff was a person of profligate principles and dissolute habits.

In *Bolin* v. *Stewart,* 7 Baxt., 299, it was held that an action for malicious prosecution was for wrongs affecting the character of the plaintiff, and therefore abated upon the death of the defendant.

In *Weeks* v. *Mays,* 87 Tenn., 443, 10 S. W., 771, 3 L. R. A., 212, it was held that an action for breach of a marriage contract is for wrongs affecting the character of the plaintiff, and abates upon the death of the defendant, and cannot be revived against his personal representative or heirs.

In that case it was said that the defenses which may be urged against an action to enforce a promise to marry are very numerous, among them being the bad character of the plaintiff, or his or her lascivious conduct; that, if the defense be general bad character evidence of reputation is receivable, and that public opinion, founded on the conduct of the parties is a fair subject of inquiry; that the plaintiff, by her suit, necessarily tenders an issue as to her character, and by her action declares herself suitable for a wife and the mother of a

family, and invites the defendant to controvert her assumption.

The rule announced in the last-named case was approved and reaffirmed in *Hulett* v. *Baker,* 101 Tenn., 689, 49 S. W., 757.

In the case of *Glass* v. *Bennett,* 89 Tenn., 479, 14 S. W., 1085, which was a case brought by the husband against his wife's father and brothers to recover damages for alienating the affections of the wife, it was held that, under the issue made by the defendant's plea of not guilty, it was competent to prove as part of the *res gestæ* all declarations of the wife explanatory of her mental trouble, and of her conduct in leaving and remaining away from her husband, and also any fact showing mistreatment of the wife by the husband.

In 21 Cyc., 1625, it is said:

"The conduct of the parties, either of the spouses or of the alleged guilty pair, may be shown as tending to establish or to disprove the fact of alienated affections and defendant's enticement; and in an action by the husband evidence of his ill treatment of the wife is material in defense as showing the cause of her leaving his home. In an action by the husband, his neglect of or lack of affection for the wife may also be shown in mitigation of damages; and in an action by the wife, the husband's criminal intimacy with other women than defendant during the period of her illicit relations with him may be shown for the same purpose."

*Hartpense* v. *Rogers,* 143 Mo., 623, 45 S. W., 650, was an action for alienating the affections of the wife. In charging the jury as to the measure of damages, the court charged that they could consider the injury done

to the character of the plaintiff. This was assigned as error. In speaking of this question the supreme court said:

"It is said, however, that no injury to the husband's character, or reputation, which is the sense in which the word is used in this instruction, results in a case of this kind. Hence the injury to his reputation or standing should not have been included. It is argued by appellant that people would not think less of him 'because she had gone wrong.' This argument would be equally good in criminal conversation cases, suits for seductions, and kindred cases; yet in a suit for seduction it is settled 'that the jury may also award the parent compensation for the disgrace and dishonor cast upon him and his family.' *Morgan* v. *Ross,* 74 Mo., 318, and cases cited therein. In criminal conversation cases it has been said that the dishonor brought upon the husband may be considered as an element of damages. *Mathus* v. *Mazet,* 164 Pa. St., 580, 30 Atl., 434. This case is only different in degree, and not in kind, from those mentioned."

In *Norton* v. *Warner,* 9 Conn., 173, the court said: "In the case before us, the plaintiff's general character was not in issue; but his character as a husband was."

In *Mary J. Wolf* v. *Amelia Frank,* 92 Md., 145, 48 Atl., 135, 52 L. R. A., 102, the court said:

'The defendant offered the testimony of a witness that the plaintiff had had improper relations with one Keiffer, in October, 1898, and offered to prove knowledge of such fact by the plaintiff's husband. Whilst that would not be a bar to the action, unless it was

followed up by proof that the husband left his wife by reason of her unfaithfulness, and not by the procurement of the defendant, it would have been proper to be considered by the jury in mitigation of damages."

In *Smith* v. *Masten*, vɪ. *Wend.* (N. Y.), 272, the court said: "The grounds of this action are the injuries sustained by the husband, by alienating his wife's affections, destroying his comfort in her society, and compelling him to raise and support children not his own. Circumstances which show that he possessed no comforts of a domestic character are proper to give in evidence in mitigation of damages. If the plaintiff and his wife lived unhappily before the improper advances of the defendant, such evidence is pertinent. The defendant cannot be chargeable with destroying the plaintiff's domestic comfort, when he had never enjoyed such comfort. If the plaintiff was in the habit of improper intimacy with other women, his sense of moral propriety and regard for chastity could not be much offended by the loss of virtue in his wife. The guilt of the defendant is not therefore diminished; but the plaintiff has sustained less damage. The merits of the plaintiff, but not the demerits of the defendant, are less; both, however, are considered by the jury in forming their verdict; and all circumstances which diminish the one, or enhance the other, are proper subjects for their consideration."

In the note to *State* v. *Roderick* (Ohio), 14 L. R. A. (N. S.), 749, the annotator says:

"The defendant in an action for criminal conversation with the plaintiff's wife may prove in bar the open

and notorious conduct of the plaintiff in neglecting his spouse, and in consorting adulterously with other women of loose morals. *Wyndham* v. *Wycombe,* 4 Esp., 16.

"It was afterwards decided that, while such a line of evidence was competent, it was admissible only in mitigation of damages, and not to defeat the action *in toto.* *Bromley* v. *Wallace,* 4 Esp., 237."

From the foregoing authorities it will be readily perceived that the character of the plaintiff in an action of this kind is a most important factor, the amount of damages recoverable depending very largely on his character as a husband, and by some courts it has been held that certain conduct of the husband absolutely bars his right to a recovery.

In 13 Ruling Case Law, 469, it is said: "To render a defendant liable for alienating the affections of, or enticing away a spouse, he must, of course, have been the procuring cause of the separation; if a wife left her husband of her own free will uninfluenced by the defendant, and as a consequence of the husband's ill treatment, he cannot be held liable."

The reasoning of this court in *Weeks* v. *Mays,* supra, applies in this case; the principle involved being the same. If evidence as to character is competent, then it necessarily follows that the question of character is directly involved. No authority has been cited to the contrary, and doubtless there is none to be found.

It results that the writ of *certiorari* is granted, and the judgment of the court of civil appeals is affirmed.