## J. M. WITT v. WILLIAM KRICHBAUM.

Eastern Section.    March 19, 1927.

No petition for Certiorari was filed.

**False imprisonment.**   **The cause of action abates with the death of the defendant.**
Under the construction placed upon Shannon's Code, section 4569, held that the cause of action of false imprisonment abates with the death of defendant.

Appeal in error from Circuit Court of Hamilton County; Hon. Oscar Yarnell, Judge.

Affirmed.

Joe V. Williams, of Chattanooga, for plaintiff in error.

Cantrell, Meacham & Moon and C. G. Milligan, of Chattanooga, for defendant in error.

THOMPSON, J.   Mr. J. M. Witt, a resident of the municipality of Alton Park, Tenn., filed this suit seeking to recover damages for false arrest and imprisonment against Mr. William Krichbaum, who was the mayor and city judge of said municipality. At the conclusion of all the evidence the circuit judge, upon motion of the defendant, directed a verdict in favor of the defendant. The plaintiff, his motion for a new trial having been overruled, has appealed to this court and assigned errors.

The facts concerning the arrest and imprisonment of the plaintiff are in substance as follows:

Mr. Krichbaum, on January 1, 1924, was mayor of Alton Park. Under the charter of said municipality, Private Acts 1917, chapter 817, as amended by Private Acts 1921, chapter 368, the mayor was also the city judge, and authority was conferred upon him "the same as a justice of the peace," and it was further provided that all fines imposed by the city judge where the amount is less than $5 shall be deemed final, and that there shall be no right of appeal therefrom.

The city of Alton Park had a municipal building, one large room of which was used as the office of the mayor and the city judge, for a court room, and for the keeping of tax records, etc. Some twenty-five or thirty feet in the rear of this building and on the same lot with it was located the city jail.

Mr. Krichbaum had a clerk, a Mr. Kountz, who worked in the office with him, and among other things this clerk had charge of the tax books and other records of the municipality.

About noon on January 1, 1924, Mr. Witt entered the room or office above described. He had received information to the effect that he had not paid his municipal taxes for the year 1921, and he went to said office for the purpose of ascertaining whether or not he had paid said taxes. When he entered the room Mr. Krichbaum was engaged in the transaction of some work or business and was standing some four or five feet from where the clerk, Mr. Kountz, was sitting. Mr. Witt asked Mr. Kountz about the 1921 taxes, and Mr. Kountz turned to the page of the book where the same were listed or entered. It was discovered that the word "Paid" had been written in ink opposite the assessments and had been partially scratched out with a knife or other sharp instrument. Upon seeing this, Mr. Witt made statements to the effect that the record looked "crooked," and that it looked to him like "crooked work," etc. Mr. Krichbaum arrested him and put him in jail. The jail was cold and it was probably an hour before a fire was built therein. Mr. Witt also testified that there were bad odors in the jail and that he would neither lie nor sit upon the cot therein.

After putting him in jail, Mr. Krichbaum returned to his office and wrote out a warrant charging Mr. Witt with the offense of disorderly conduct and public drunkenness. This warrant was sworn to by Mr. Kountz. Mr. Witt testified that soon after he was put in jail he offered to make bond, provided he could have a hearing before a jury. However, jury trials were not provided for in the city charter, and the warrant which Mr. Krichbaum had written out only charged him with an offense against the city of Alton Park.

At about three o'clock in the afternoon, Mr. Witt was taken out of the jail and brought back into the office. He protested against being tried by Mr. Krichbaum and insisted upon a jury trial. Mr. Krichbaum offered to permit Mr. Otis Kinsey, mayor pro tem, to act as judge and conduct the trial, instead of doing so himself. However Mr. Witt declined this with the statement that Mr. Kinsey was also his political enemy and would not give him a fair trial. Thereupon, Mr. Krichbaum himself tried Mr. Witt, testimony of witnesses being introduced, found him guilty and assessed a fine of $2, and costs, $4.15, for which judgment was entered. What purports to be an appeal bond to the criminal court was filled out and signed by Mr. Witt, and he was permitted to leave. Two days later, Mr. Witt consulted an attorney about instituting suit against Mr. Krichbaum and was advised by said attorney that he had a good cause of action provided he could get "shed" of the record of the proceedings in the city court of Alton Park. Mr. Witt then, on January 3, 1924, paid to the clerk, Mr. Kountz, the judgment of $2 and costs, $4.15.

Mr. Kountz, Mr. Krichbaum, and the other witnesses who were present, all testified that Mr. Witt was drunk when arrested, and that his remarks about the tax book being "crooked," etc., were made in a loud, angry and boisterous manner. Mr. Witt testified that he was not drunk, but he admitted that he had taken one drink of white whiskey during the morning, and that he made statements to the effect that the tax record was "crooked," etc.

It will be seen that the record, in the light most favorable to Mr. Witt, shows at most a simple case of false arrest and imprisonment with no violence or personal injuries committed.

After the filing of the assignments of error in this court, and on June 21, 1926, Mr. Krichbaum died. On June 30, 1926, his widow, Mrs. Bessie May Krichbaum, was appointed and duly qualified as his administratrix. The death of the defendant and the appointment of the administratrix have been suggested and admitted in this court, and an order has been entered over the objection of the administratrix that the cause be maintained in the name of the plaintiff, J. M. Witt, against the said administratrix. Since the entry of said order, the administratrix has appeared to oppose a revivor against her, and has moved the court to abate and dismiss the suit upon the ground that it being a simple action for false arrest and imprisonment, it is therefore for a wrong, "affecting the character of the plaintiff," which abated at the death of the defendant and was not saved by Shannon's Code, section 4569. In other words, she insists that actions for false arrest and imprisonment fall within the exception in said code section and still abate at the death of either party.

We are of opinion that under the construction which the Supreme Court has put upon the code section, it must be held that the cause

of action in the case at bar abated at the death of the defendant. Bolin v. Stewart, 66 Tenn., 300; Akers v. Akers, 84 Tenn., 7; Weeks v. Mayes, 87 Tenn., 443, 10 S. W., 771; Hullett v. Baker, 101 Tenn., 689, 49 S. W., 757; Justice v. Clinard, 142 Tenn., 208, 217 S. W., 663.

It seems to us that if actions for malicious prosecution, alienation of a wife's affections, and breach of promise to marry are for wrongs, "affecting the character of the plaintiff," then certainly an action for false arrest and imprisonment is for such a wrong.

An order will, therefore, be entered abating the suit at the cost of Mr. Witt.

Portrum and Snodgrass, JJ., concur.