CLARA GRACE BOWMAN, BY NEXT FRIEND, *v.* TAYLOR HART.

(*Knoxville,* September Term, 1930.)

Opinion filed November 28, 1930.

Divine & Guinn, for plaintiff in error.

Sells, Simmonds & Bowman and S. W. Price, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit, which the trial judge treated as one for seduction, was abated by direction of the court upon the

death of the defendant preceding trial. From the order overruling the motion to revive against defendant's administrator and abating the suit, the plaintiff has appealed.

There being some controversy as to the nature of this action, an examination of the declaration is required.

The first count, it is conceded, is for the seduction of the plaintiff.

The second count is for the seduction of the same female and avers that said female at the time was an infant over the age of twelve years and under the age of twenty-one years.

The third count charges that the defendant did commit an assault and battery upon the said female with the intent, forcibly and against her will, to have unlawful carnal knowledge of her—attempt to rape.

The fourth count charges that the defendant did have unlawful carnal knowledge of the said female forcibly and against her will—rape.

Neither the third count nor the fourth avers that the female sustained any physical injuries by reason of the alleged attempt to rape or the alleged rape. So far as is disclosed by the third and fourth counts no injury or damage was inflicted upon her person other than such injury or damage as was incident to the seduction. There is no injury averred either in the third or fourth counts of the declaration except the injury averred in the first and second counts, to-wit, carnal knowledge had of the plaintiff.

The second count of the declaration merely charges the seduction of a female over the age of twelve years and under the age of twenty-one years. We do not see that the damage recoverable for seduction would be dif-

ferent in a suit brought in her own right, whether the female was under twenty-one years of age or over twenty-one years of age.

█ It seems, therefore, that no damages could have been recovered in this suit other than the damages which would have flowed from the plaintiff's seduction. That is to say, the suit is substantially one for seduction.

█ It is well settled that whether an action survives depends on the substance of the cause of action, not on the forms of proceeding to enforce it. *In re Schreiver*, 110 U. S., 76, 28 L. Ed., 65; *Patton* y. *Brady*, 184 U. S., 608, 46 L. Ed., 713, reviewing the authorities.

█ Our statute modifying the common law rule expressed in the maxim *Actio personalis moritur cum persona* is in these words:

"No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived." Thompson's-Shannon's Code, section 4569.

This court many years ago expressed the opinion that in seduction the general character of the female for chastity was involved in the issue. *Reed* v. *Williams*, 37 Tenn. (5 Sneed), 580. This expression was more recently approved in *Justice* v. *Clinard*, 142 Tenn., 208.

Construing the statute above quoted, this court has held that an action for libel or slander involves the character of the plaintiff. *Bolin* v. *Stewart*, 66 Tenn. (7 Baxt.), 299; and likewise an action for malicious prosecution, *Bolin* v. *Stewart, supra;* and an action for breach of a marriage contract, *Weeks* v. *Mays*, 87 Tenn., 443; *Hulett* v. *Baker*, 101 Tenn., 689; and the action of a husband for alienation of his wife's affections. *Justice* v. *Clinard, supra.*

It is true that an action for assault and battery survives and may be revived against the administrator of a defendant, *Kimbro* v. *Mitchell,* 38 Tenn. (1 Head), 540, but as heretofore seen no injury is asserted under the count of the declaration herein charging the assault and battery with intent to commit rape except the injury that is covered by the seduction count.

*Harris* v. *Trust Company,* 128 Tenn., 573, is not in point here. As noted in the opinion, the facts of that case took it out of the rule that certain actions were buried with the person and the court concluded that no extension of the rule was permissible. Section 4569, Thompson's-Shannon's Code, however, leaves actions affecting the character of the plaintiff within the rule and the court cannot override this enactment of the legislature.

The judgment of the court below is affirmed.