GOINS *v.* COULTER *et al.*

(*Knoxville*, September Term, 1947.)

Opinion filed December 8, 1947.

D. F. POPE, of Dayton, for plaintiff in error.

O. W. McKENZIE, of Dayton, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is an action of damages for seduction and breach of promise of marriage. In aggravation of these combined charges it is charged that a child was born as a result who will become a county charge unless the defendants are compelled to contribute to its support. The suit is against the heirs and administrator of the alleged seducer who died a few months before this action was begun.

The trial judge sustained defendants' demurrer to the declaration because this is a suit "affecting the character of the plaintiff."

The common-law rule as expressed in the maxim *Actio personalis moritur cum persona* has been modified by statute and is carried in the Code as section 8694, it reads as follows: "No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived."

■ Construing the statute above quoted, this court has consistently held that in actions "affecting the character of the plaintiff" the action will be abated upon the death of either party.

In *Bowman* v. *Hart*, 161 Tenn. 402, 33 S. W. (2d) 58, the late lamented Chief Justice GREEN speaking for this court held that the action abated upon the death of the dafendant. This was an action of damages for seduction. Like

348

results were reached in actions for breach of marriage contracts, *Hulett* v. *Baker,* 101 Tenn. 689, 49 S. W. 757, opinion by Mr. Justice WILKES; *Weeks* v. *Mays,* 87 Tenn. 442, 443, 10 S. W. 771, 3 L. R. A. 212, opinion by Mr. Chief Justice TURNEY. These opinions clearly set out the reasons for the action therein and no need is seen here to again repeat what has been so well said.

██ It is argued here that since the legislature enacted Chapter 104 of the Public Acts of 1935, the cause of action here is saved notwithstanding the death of the alleged seducer. This Act is carried in the Code as section 8243.1 in the following words: ''Death of Wrongdoer, Survival of Action.—Hereafter in all cases where a person shall commit a tortious or wrongful act causing injury or death to another, or property damage, and such person committing such wrongful act shall die before suit is instituted to recover damages therefor, such death of such person shall not abate any cause of action which the plaintiff would have otherwise had, but such cause of action shall survive and may be prosecuted against the personal representatives of such tort-feasor or wrongdoer, and the commonlaw rule abating such actions upon the death of the wrongdoer and before suit is commenced is hereby abrogated.''

This is a survival statute that preserves all causes of action against the personal representative of any tort-feasor or wrongdoer where the plaintiff would have had a cause of action had the tort-feasor or wrongdoer been living when the action was commenced. There are no exceptions or exclusions in this statute for any one as is in Code Section 8694. The enactment of Chapter 104 of the Public Acts of 1935, Code, Sec. 8243.1, in no way created any new and independent cause of action, it merely preserved the cause of action that belonged to the person

before the one who caused the injury died. *Whaley* v. *Catlett,* 103 Tenn. 347, 53 S. W. 131. It therefore results that the present right of action survives as to the personal representative of J. B. Coulter, deceased.

Code, section 8694 is a survival statute applying to actions "commenced" with the exception above noted. Code, section 8243.1 is a survival statute applying to the wrongdoer who dies before the action is commenced with no exception. It may be necessary if and when occasion arises to read these two sections of the Code in conjunction with each other. It is not here necessary to do so.

The demurrer filed herein was sustained only on the ground noted, i. e. "that this suit which is a wrong affecting the character of the deceased tort-feasor." Other grounds of the demurrer were not considered by the trial court. We make no comment one way or the other on these additional grounds. They still remain in the record for the trial court's action when and if they are deemed pertinent.

It therefore results that we must reverse and remand this cause for further proceeding consistent with this opinion.

All concur.