**Edmund E. BRUMMETT**

v.

**J. J. "Jarve" EVANS.**

**Civ. A. No. 3059.**

United States District Court
E. D. Tennessee, N. D.

Jan. 17, 1957.

John G. O'Hara, Jellico, Tenn., for plaintiff.

Donaldson, Montgomery & Kennerly, Knoxville, Tenn., Harry B. Brown, Jellico, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This suit was instituted to recover $250,000 compensatory damages and $250,000 punitive damages, for alienation of affections of the wife of plaintiff. Jurisdiction is based on diversity of citizenship, plaintiff being a resident of Ohio and defendant a former resident of Tennessee. Suit was filed on August 9, 1956 and defendant died testate September 14, 1956. Harry Brown and Charles Smith of Jellico, Tennessee, were named as co-executors and co-trustees of the estate of the deceased and qualified as such on October 9, 1956. The co-executors and co-trustees have moved for summary judgment abating the suit pursuant to Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A., on account of the death of the original defendant, Evans. The motion must be sustained for the reasons hereafter stated.

The Appellate Courts of Tennessee have held in a number of cases that a suit by a husband for the alienation of the affections of his wife is a suit which affects the character of the plaintiff. One of the reasons given for the rule is that the husband's bad character may be

shown in mitigation of damages. Justice v. Clinard, 1919, 142 Tenn. 208, 217 S.W. 663; Bowman v. Hart, 1930, 161 Tenn. 402, 33 S.W.2d 58.

At common law every suit, whether based on contract or tort, abated by the death of either party to the suit. Survivability of a cause of action depends upon state survival statutes. Warren v. Furstenheim, C.C., 1888, 35 F. 691, 1 L.R.A. 40.

The Tennessee Legislature, in order to relieve injured parties from the harshness of the common law rule, passed survivor statutes, the first of which appears as early at 1785. This statute is carried in Williams Tennessee Code as sec. 8693, and in Tennessee Code, Annotated as sec. 20–601. This section provides that the action does not abate by the death of either party if the cause of action survives, or continues.

Another survival act was passed in 1835–1836 and is codified in Williams Tennessee Code as sec. 8694. This section is designated in Tennessee Code, Annotated as sec. 20–602. This section provides that no civil action commenced, whether based on tort or contract, "except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived." It is to be noted that sec. 8694 leaves in force the common law rule of abatement in actions "affecting the character of the plaintiff" where the action has been commenced, as was done in the instant case.

In 1935 the Tennessee Legislature passed another survival statute, designated as 8243.1 in Williams Tennessee Code, which is as follows:

"Hereafter in all cases where a person shall commit a tortious or wrongful act causing injury or death to another, or property damage, and such person committing such wrongful act shall die before suit is instituted to recover damages therefor, such death of such person shall not abate any cause of action which the plaintiff would have

otherwise had, but such cause of action shall survive and may be prosecuted against the personal representative of such tort-feasor or wrongdoer, and the common-law rule abating such actions upon the death of the wrongdoer and before suit is commenced is hereby abrogated."

Sec. 8243.1 of the 1932 Tennessee Code and sec. 8694 of the same Code were discussed by the Supreme Court of Tennessee, speaking through Justice Burnett in the case of Goins v. Coulter, 1947, 185 Tenn. 346, 206 S.W.2d 379. That was a suit for damages for seduction and breach of promise of marriage instituted against the heirs and administrator of the seducer who died after the action was commenced. After quoting sec. 8694 the Court pointed out that it had consistently held that in actions " 'affecting the character of the plaintiff' the action will be abated upon the death of either party." The Court further pointed ed out that sec. 8243.1 of the 1932 Code was a survival statute that preserved all actions against the personal representative of the wrongdoer where the plaintiff would have had a cause of action had the wrongdoer been living when the action was commenced. It is interesting to note that the Court further pointed out that sec. 8694 is the survival statute containing an exception "for wrongs affecting the character of the plaintiff" and that sec. 8243.1 is also a survival statute applying to the wrongdoer who dies before institution of suit with no exception. The Court then said, "It may be necessary if and when occasion arises to read these two sections of the Code in conjunction with each other. It is not here necessary to do so." Goins v. Coulter, 185 Tenn. 346, at page 349, 206 S.W. 2d 379, at page 380.

It must be kept in mind that the Goins v. Coulter decision was rendered in 1947 and that the language used by the Court in discussing Code sec. 8243.1 referred to the 1932 Code and cumulative supplement which codifies Chapter 104, sec. 1, of the Public Acts of 1935.

The 1951 Tennessee Legislature passed a Code Supplement which became effective January 1, 1952. Vol. 1, page 2, Supp. to the Code of Tenn. Chapter 104, sec. 1, of the 1935 Public Acts was re-enacted as sec. 8243.1 with an important proviso. For convenience this section is quoted with the proviso italicized:

> "*Death of wrongdoer shall not abate action.*—In all cases where a person shall commit tortious or wrongful act causing injury or death to another, or property damage, and such person committing such wrongful act shall die before suit is instituted to recover damages therefor, such death of such person shall not abate any cause of action which the plaintiff would have otherwise had, but such cause of action shall survive and may be prosecuted against the personal representative of such tortfeasor or wrongdoer, and the common law rule abating such actions upon the death of the wrongdoer and before suit is commenced is abrogated; *provided, however, this section shall not apply to actions for wrongs affecting the character of the plaintiff.* (1935, ch. 104, sec. 1, modified.)"

■ It is obvious from the foregoing proviso that the Tennessee Legislature restored the common law rule that personal rights of action die with the wrongdoer if the action affects the character of the plaintiff. *Actio personalis moritur cum persona.*

■ The complaint charges that the wrongful acts by the deceased commenced prior to 1953; although the complaint is not specific the reasonable inference to be drawn from the averments is that the alleged wrongful acts that are the basis of the suit occurred in Tennessee. The Tennessee survival statutes therefore control. This interpretation of the complaint is strengthened by the fact that counsel for the plaintiff quote in their brief verbatim the Tennessee survival statutes and conclude by citing the case of Goins v. Coulter, 185

Tenn. 346, 206 S.W.2d 379, which case has heretofore been discussed at length.

■ It is the opinion of the Court that the death of J. J. "Jarve" Evans abated the suit.

Let an order be presented sustaining the motion for summary judgment.